IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

FRANCISO JAVIER RODRIGUEZ                                      PETITIONER

v.                              CASE NO. 2:15-cv-00014 DPM-JTK

C.V. RIVERA, WARDEN                                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

### Introduction

Currently before the Court is a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, filed by Petitioner Francisco Javier Rodriguez on July 31, 2014, in the United States District Court for the Western District of Arkansas. (DE #1) Petitioner filed an amended petition on August 18, 2014. (DE #4) The court transferred the matter to this district on January 29, 2015. (DE #10)

Petitioner is currently incarcerated in the Giles W. Dalby Correctional Facility in Post, Texas, and serving a federal sentence of 168 months' imprisonment for conspiracy to possess with intent to distribute a controlled substance. In this action now before the Court, Petitioner challenges the decision of the Bureau of Prisons (BOP) not to award him credit

towards his federal sentence for time spent in state custody. After careful consideration of Petitioner's claims, the Court finds that his present sentence has been correctly calculated and that the petition for writ of habeas corpus should be dismissed.

**Procedural Background**

Federal authorities arrested Petitioner on November 18, 2005, and released him on bond on December 7, 2005. (DE # 14-1, at pp. 5, 29) On December 21, 2006, Petitioner pleaded guilty to conspiracy to possess with intent to distribute a controlled substance. (DE #14-1, at p. 44, docket entry no. 624) Petitioner remained out of custody on bond, and his sentencing was set for April 2, 2007. *Id.* On February 28, 2007, Petitioner was arrested and placed in California state custody; he was held without bond. (DE #14-1, at pp. 31-32) The scheduled April 2, 2007, federal sentencing was continued by stipulation due to the state of California's custody and pending charges against Petitioner. (DE # 14-1, at p. 45, docket entry no. 770; pp. 57-58) Petitioner was subsequently convicted of three charges in the State of California and sentenced on February 13, 2008. (DE #14-1, at pp. 60-61)

On March 19, 2008, the federal court issued a writ of habeas corpus ad prosequendum for Petitioner's appearance in federal court for sentencing. (DE #14-1, at p. 47, docket entry no. 1042) The federal court sentenced petitioner on July 7, 2008, to 168 months' imprisonment. (DE #14-1, at p. 48, docket entry no. 1091) Petitioner appealed his sentence, and the United States Court of Appeals for the Ninth Circuit affirmed on November 18, 2009. *Id.* at docket entry 1092; pp. 73-75. Petitioner's federal sentence was later reduced to 135 months. (DE #14-1, at pp. 77-78)

Petitioner returned to the custody of the State of California on July 25, 2008, and on that same day, the State of California sentenced Petitioner to twenty-four (24) years with 769 days of credit. (DE #14-1, at pp. 60-61, 63-64) On May 22, 2009, California dismissed one of the Petitioner's charges and re-sentenced him to a four (4) years' imprisonment with 1,222 days of credit. *Id.* at pp. 80-81, 83-84. California paroled Petitioner on July 16, 2009, and Petitioner was committed to the custody of the BOP on September 30, 2009. *Id.* at pp. 64, 86-88.

## Arguments of the Parties

In his original petition, Petitioner requested BOP grant him prior custody credit toward his federal sentence for time he spent in state custody from May 23, 2008, thru July 16, 2009. (DE #1, Petition, at 1). The amended petition requests prior custody credit from February 28, 2007, thru July 7, 2008. (DE #4, at pp. 6-7) He also requests that his federal sentence commence on July 7, 2008, the date he was sentenced. *Id.* Petitioner claims entitlement to such credits because the federal government imposed its sentence before the state imposed its sentence, thereby arguing he was in the primary custody of the federal government. *Id.* at pp. 6-8.

Respondent asserts that the BOP has properly calculated Petitioner's federal sentence and that the petition should be denied. (DE #14, at p. 2)

Petitioner properly exhausted his administrative remedies, and he timely filed his petition for writ of habeas corpus pursuant to § 2241. Both parties have submitted their responses, and the case is now ready for decision.

**Discussion**

It is the responsibility of the BOP, once a prison sentence has been imposed, to determine how much credit an inmate should receive for any time spent in custody before service of the BOP sentence. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585 and is comprised of two steps: first, determining the date on which the sentence "commences," and second, determining the extent to which credit is given for time spent in custody prior to commencement of the sentence. Under § 3585(a), a federal sentence commences when the defendant is received for transportation to or arrival at "the official detention facility at which the sentence is to be served." A defendant may receive credit towards his term of imprisonment for time that "has not been credited against another sentence." 18 U.S.C. § 3585(b).

Prisoners with questions or contentions about computation may seek administrative review of the calculation of their sentence and credits. 28 C.F.R. §§ 542.10-542.16. After exhausting the available administrative remedies, prisoners may seek judicial review. *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991). Federal courts review the BOP's calculation under an abuse of discretion standard. *Elwell v. Fisher*, 716 F.3d 477, 486 (8th Cir. 2013).

### A.  Primary Jurisdiction

> Pursuant to the doctrine of primary jurisdiction, service of a federal sentence generally commences when the United States takes primary custody of a prisoner who is subject to another sovereign's primary jurisdiction. . . . The

>first sovereign to take physical custody of a defendant retains "primary jurisdiction" until releasing that jurisdiction. "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence."

*Elwell v. Fisher*, 716 F.3d at 481-82.  Congress did not, in 18 U.S.C. § 3584(a), expressly address whether federal courts may decide to order a federal sentence to be served concurrent to or consecutive with a state prison sentence that has not yet been imposed.

>This issue arises when, as in this case, a state has initial custody and "loans" the defendant to federal authorities for federal prosecution.  After a federal conviction and sentencing, the U.S. Marshals Service returns the defendant to state authorities rather than delivering him to the BOP to begin serving his federal sentence. When the defendant is convicted in state court and begins serving his state sentence, a federal detainer is lodged based upon the unserved federal sentence. When the state sentence has been served, the detainer is executed and the defendant is delivered to the BOP to serve his federal sentence.

*Fegans v. United States*, 506 F.3d 1101, 1103-04 (8th Cir. 2007); *see also United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).

In this case, the United States obtained primary jurisdiction over Petitioner on July 17, 2009, when the State of California released him on parole. Although Petitioner was originally arrested by federal authorities in November of 2005, he was out on bond and subsequently arrested by California authorities and held in custody.  Thus, Petitioner remained in the primary custody of California authorities until his parole.  When federal authorities took custody of Petitioner in March of 2008, it was pursuant to a writ of habeas corpus prosequendum, and primary custody remained with California.  *See United States v. Hayes*, 535 F.3d 907, 910 (federal sentence did not commence during or after the period of writ of

habeas corpus prosequendum, but rather after service of state sentence). Petitioner was merely on loan to federal authorities until California relinquished custody of Petitioner in July 2009.

### B. Concurrent versus Consecutive Sentence/Nunc Pro Tunc Designation

Pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently." If a request for *nunc pro tunc* designation is received from an inmate, however, the BOP will contact the federal sentencing court to obtain the court's position with respect to concurrency versus consecutiveness of the sentence. (DE #14-1, at 1, Program Statement 5160.05) The practical effect of the *nunc pro tunc* designation would be to count the time as time served concurrently on both his federal and state sentences. The BOP has discretion to designate an inmate's request for *nunc pro tunc* designation of a state institution as a place to serve his federal sentence. *See Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990). Further, Title 18 U.S.C. § 3585(b) provides that an inmate may not receive prior custody credit if that time has been credited against another sentence. *See also United States v. Wilson*, 503 U.S. at 337.

In this instance, Petitioner's state and federal sentences were imposed at different times, and the federal court did not order the federal sentence to run concurrently to the state sentence. Because the federal sentence was imposed first and the judgment and commitment order was silent as to whether the sentence was to run concurrent or consecutive to the state sentence, the BOP contacted the sentencing court to obtain its position during the

7

administrative review process . (DE #14-1, at pp. 93-94) In response, the sentencing court indicated that it did not believe the federal and state sentences should run concurrently. *Id.* at pp. 96-97. After consideration of the court's response and the factors enumerated in 18 U.S.C. § 3621(b), the BOP denied Petitioner's request for *nunc pro tunc* designation. Petitioner was later re-sentenced by the state court, which ordered the state sentence to run concurrent to the federal sentence. However, it "is well-settled that the state court's intent is not binding[.]" *Elwell v. Fisher*, 716 F.3d at 482.

The state authorities gave Petitioner custody credit for all the time he spent in its custody. It also gave Petitioner custody credit for the time he was on loan to federal authorities pursuant to the writ of habeas corpus prosequendum. Thus, Petitioner is not entitled to receive custody credit for that time against his federal time. The BOP did determine that state authorities did not give Petitioner custody credit for the time he spent in federal custody following his arrest by federal authorities from November 18, 2005 until December 7, 2005; therefore, the BOP has credited that time towards Petitioner's federal sentence.

## Conclusion

The BOP did not abuse its discretion in calculating Petitioner's federal sentence. Nor did the BOP abuse its discretion when denying Petitioner's request for *nunc pro tunc* designation. Accordingly, the undersigned concludes that the petition lacks merit and should be dismissed with prejudice, and the relief requested denied.

Because Petitioner is no longer housed in this district, the Clerk is directed to update

Petitioner's address to:  CI Giles W. Dalby Correctional Institution, 805 North Avenue F, Post, Texas 79356.

SO ORDERED this 2nd day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE